## JOHN A. PETERSON, Appellee, v. JOHN PIERSON, Appellant.

Easement: CHANGE OF RECORDED AGREEMENT BY PAROL: PURCHASER WITH ACTUAL NOTICE. One M., in his lifetime, conveyed to the plaintiff a right of way over certain land, which right, however, was to terminate upon the breach, by the plaintiff, of certain conditions named in the conveyance, which was duly recorded. Afterward, by parol agreement between M. and the plaintiff, these conditions were modified, and the plaintiff continued to enjoy the right of way under the modified conditions.    Afterward M. died, and his executor conveyed the land in question to the defendant, the deed containing a reservation of the right of way. Moreover, the defendant, long before, and at the time of his purchase, knew that the plaintiff was enjoying the right of way, with the acquiescence of M., without observing the conditions contained in the recorded agreement. Held, that the defendant was charged with actual notice of the oral agreement under which the plaintiff was enjoying the right of way, and that he purchased subject thereto, and could not be heard to say that the right of way was terminated on account of the plaintiff's failure to observe the conditions named in the agreement of record.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

SATURDAY, OCTOBER 7, 1893.

ACTION to enjoin the obstruction of a right of way. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*Newman & Blake*, for appellant.

*A. H. Stutsman*, for appellee.

GRANGER, J.—The location of the right of way in controversy is indicated by the following diagram:

The basis of plaintiff's claim to the right of way is the following, "Exhibit A," attached to petition.

"This agreement, made and entered into this day, by and between John Murphy and Mary E. Murphy, his wife, parties of the first part, and John August Peterson of the second part, witnesseth: that the said parties of the first part have this day sold to the said party of the second part the right of way over the following described land, situated in Des Moines county, state of Iowa, on the condition hereinafter set forth, to wit: The east twelve (12) feet of the south eighty-one (81) rods of the west half of the northwest quarter of section twenty-one (21), in township seventy-two (72) north, of range two (2) west. The right of way is, and shall be, for the sole use and benefit of the said John August Peterson and his heirs; and, should he or they sell or in any manner dispose of the farm now owned by him in said township, then and in that case the said right of way shall revert to the then owner of the eighty acre tract from which it was taken.

"In consideration of the foregoing, the party of the second part agrees to furnish all the material, and build, and keep in good repair, a good and lawful three-strand barb-wire fence on line between said right of way and the eighty-acre tract from which it is taken, belonging to said parties of the first part, and also to put in, and keep in good repair, a substantial gate across the south end of said right of way, and also a good and substantial gate to separate said right of way from the northeast quarter of the northwest quarter of said section. The party of the second part agrees to pay the expense of drawing all legal papers in this matter.

"It is further agreed by the parties hereto that, in case the said party of the second part shall surrender and cancel this agreement, or in case of forfeiture of the same for any cause, he shall be entitled, upon giving reasonable notice of his intention so to do, to remove any wire or other fence material placed alongside or on said right of way by him, in either of which cases the party of the second part agrees to give immediate and peaceable possession of said right of way to the owner of said west half of said northwest quarter of section twenty-one (21), township seventy-two (72) north, of range two (2) west, and the giving of possession is hereby made a part of the essence of this contract.

"In witness whereof we have hereunto set our hands this 29th day of July, 1887.

[Signed] John X. Murphy.
His
Mark.

[Signed] Mary X. Murphy.
Her
Mark.

[Signed] J. August Peterson."

This agreement was duly acknowledged, and filed for record. At the time of making the agreement the land indicated on the plat as that of the defendant was owned by Murphy, who was a party to the contract,

and is now deceased. Since his decease the land has
been conveyed by the executor of his estate to the
defendant Pierson, who owns the same. The petition
charges that the defendant has, since he purchased the
land, obstructed the right of way in "divers ways, and
continues so to do." The defendant admits that he
has placed obstructions on the right of way, as charged,
and claims the right so to do because of the failure of
the plaintiff to erect a fence on the west line of the
right of way, as required by the terms of the agreement
creating the easement; and also because the plaintiff
has left the gates on the right of way open, whereby
defendant has been damaged and annoyed.

At the time of making the agreement there was no
fence on either side of the contemplated right of way,
and all of the land now owned by the defendant was
one inclosure, and it was not then contemplated that
the right of way should be fenced on both sides, and
the land west of the right of way was to be the cultivated
land of Murphy. It clearly appears from the evidence
that the plaintiff commenced to erect a fence on the
west side, as specified in the agreement, and the posts
were set for that purpose, when by a verbal agreement
with Murphy, the plaintiff changed and set the fence
on the east line of the right of way, it being thought by
Murphy that by such a change the ground used as a
right of way could be used as turning ground in the
cultivation of the land adjoining. With this change
the conditions upon which the plaintiff was to have the
right of way were fully performed, and the right of way
was entered upon and enjoyed by the plaintiff during
the lifetime of Murphy, and he was so enjoying it when
the defendant purchased the land.

It is insisted by the appellant that the failure of the
plaintiff to make the fence on the west line of the right
of way operates to defeat his right to its use as against
him because of the condition of the record title to the

right of way when he purchased the land from the Murphy estate. It is true that the recorded agreement specified that the plaintiff should make and maintain a fence along the west line, and it is said that this was a "covenant running with the land, duly indexed and recorded," and that it "could not be changed by a subsequent parol agreement of the parties thereto, so as to defeat the rights of the grantee (defendant) to the fence."

The record was, as claimed by the appellant, notice to the world of the original contract, and it may be conceded that it would fully protect third parties purchasing upon the strength of such notice; or, in other words, it would protect the parties relying on the information imparted by the record. The authorities cited by the appellant state no broader rule, nor is more contemplated by our recording act, and the decisions under it. In fact, the appellant does not contend for a different rule; but there is a contention as to the defendant's having actual knowledge of the real situation as between the plaintiff and Murphy. It is true, there is no evidence showing that the defendant knew of the talk or agreement between them to change the fence from the west to the east side of the right of way, but it is true that the defendant, before the location of right of way, knew of the situation as to fences, and he knew of the change by the building of the fence, and of the putting in of the gates before Murphy died, and knew how the right of way was being occupied. He frequently used the right of way himself to get from a place he then occupied to the public highway, and this was the exact situation when he afterward bought the land. He positively knew that the easement was being used under conditions other than those specified in the recorded agreement. This condition continued, with his knowledge, for such a time as to put him on inquiry to know the facts. The fact that he knew the plaintiff

to be in possession of the grant with the knowledge of the grantor, under the changed conditions, is highly significant, and we do not hesitate to say that he took his title charged with notice of the facts as they existed between the plaintiff and Murphy. Added to what has been stated, is the fact that in the deed to the defendant is a reservation of the right of way to the plaintiff, indicating, if nothing more, that the grantors regarded the conditions upon which the easement was to pass as complied with, and the deed was certainly accepted with knowledge of what had been done.

The court below seems to have determined the facts and the law in accord with our view, and its judgment is AFFIRMED.